■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD CUMMINGS, Appellant. [666 NYS2d 659] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 15, 1995, convicting him of robbery in the first degree (three counts), attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to

suppress physical evidence, identification testimony, and a statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the police had a reasonable suspicion sufficient to justify the stop of the taxi cab containing the defendant and the codefendant (*see generally, People v Hicks,* 68 NY2d 234; *People v May,* 81 NY2d 725, 727). To determine whether reasonable suspicion existed, the court must examine the knowledge possessed by the police at the moment of detention and any reasonable inferences to be drawn therefrom (*see, People v De Bour,* 40 NY2d 210, 216). The evidence concerning (1) the description of the perpetrators; (2) the 13-year-old directing the police to the building into which the perpetrators had run; (3) the defendant's and the codefendant's nervous behavior as they exited that building; and (4) the taxicab driver's facial expressions to the police indicating his concern with the defendant's and the codefendant's presence in his taxicab, all combined to justify the officers' reasonable suspicion that a crime had been committed and that the defendant and his codefendant were the perpetrators.

The defendant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.